[No. 20097.    Department Two. — November 19, 1885.]

# THE PEOPLE, RESPONDENT, *v.* JOHN LARSON, AP-PELLANT.

CRIMINAL LAW — MURDER — ONCE IN JEOPARDY — VOID INFORMATION.— An information for murder charged the commission of the offense on a day subsequent to the date of its filing. The mistake being discovered on the trial, the jury was discharged, on motion of the prosecution, be-fore verdict. A new information was then filed, to which the defendant pleaded that he had been once in jeopardy for the same offense, and to sustain the plea, offered in evidence the former information. *Held*, that a conviction upon this information would have been a nullity, and that it was not admissible to sustain the plea, the defendant never having been in jeopardy.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The facts sufficiently appear in the head-note and opinion of the court.

*J. A. Barham,* and *W. F. Russell,* for Appellant.

*Attorney-General Marshall,* for Respondent.

THORNTON, J. — The question presented herein as to the defense of *once in jeopardy* was passed on by this court in Bank in *People* v. *Clark,* 67 Cal. 99. The decision in that case was adverse to the contention of defendant's counsel herein. It is true, the defendant in that case was accused of burglary, and the defendant in this case of murder. But in our view, the rule adopted in Clark's case applies also to a case of murder.

The information in this case was insufficient, because, as in Clark's case, it charged an offense committed on a day subsequent to the date of its filing. A conviction upon such an information would have been a nullity, and the party accused would never have been in jeopardy.

Judgment and order affirmed.

MORRISON, C. J., and MYRICK, J., concurred.